UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JOHN P. PIGSLEY, a/k/a "John P. Pigsley, )<br>Sr." and "Big John," )<br>)<br>Defendant. ) | Criminal No. 1:23-CR-10093-IT |

**PRELIMINARY ORDER OF FORFEITURE**

**TALWANI, D.J.**

WHEREAS, on April 4, 2023, a federal grand jury sitting in the District of Massachusetts returned a seventeen-count Indictment charging defendant (the "Defendant") with five counts of Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts One through Five), one count of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 (Count Six), six counts of Attempt to Evade and Defeat Tax, in violation of 26 U.S.C. § 7201 (Counts Seven-Twelve), one count of Filing a False Tax Return, in violation of 26 U.S.C. § 7206(1) (Count Thirteen), and four counts of Structuring Transactions to Evade Reporting Requirements, in violation of 31 U.S.C. § 5324 (Counts Fourteen-Seventeen);

WHEREAS, the Indictment also included a Fraud Forfeiture Allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of any offense alleged in Counts One through Six of the Indictment, of any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses;

WHEREAS, the property to be forfeited specifically included, without limitation, the following:

(a) the real property located at 145 School Street, Ryegate, Vermont (the "Vermont Property");[1]

(b) the real property located at 15 Rezza Road, Beverly, Massachusetts (the "15 Rezza Road Property");

(c) the real property located at 30 High Street, Beverly, Massachusetts (the "30 High Street Property");

(d) a 2019 Heartland Fuel 352 Camper, bearing vehicle identification number 5SFCG3927KE404401;

(e) a 2021 Bobcat HYDRA-TILT, bearing serial number 857803019;

(f) a 2020 Bobcat T76 T4 CTL, bearing serial number B4CE12021;

(g) a Bobcat Pallet Fork HD, bearing part number 7294305;

(h) a 2020 Bobcat T76 T4 CTL, bearing serial number B4CE12061;

(i) a 2019 Bobcat E55 T4, bearing serial number AJ1915517;

(j) a 2020 Bobcat SG60 Stump Grinder, bearing serial number 233005356;

(k) a 2020 Vintage Outlaw 53' Trailer, bearing vehicle identification number 5BWUV5335L1000237;

(l) a 2015 Ford F550 Super Duty with plow attachment, bearing vehicle identification number 1FD0X5HT1FEC20181;

(m) a 2015 Dodge Ram 3500 Longhorn, bearing vehicle identification number 3C63RRKLXFG602852;

(n) a 2007 Genie S60 Man Lift, bearing serial number S60HC0714634;

(o) a 2021 Bobcat E60 R2 T4 CE, bearing serial number B4GR12147;

(p) miscellaneous heavy equipment for a 2019 Bobcat E55 T4; and

---

[1] The United States has a separate Preliminary Order of Forfeiture against the Vermont Property, which is currently pending before the Court. *See* Docket No. 92.

(q) a 2019 Ford F350 Crew Cab, bearing vehicle identification number 1FT8W3DT0KEG29626

(items (d) through (q) collectively, the "Personal Property");[2]

WHEREAS, in addition, the Indictment included a Structuring Forfeiture Allegation, pursuant to 31 U.S.C. § 5317(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of any offense alleged in Counts Thirteen through Seventeen of the Indictment, of any property, real or personal, involved in such offenses, and any property traceable to such property;

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets described in Paragraphs 2 and 3 above, pursuant to 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c);

WHEREAS, on January 23, 2025, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Seventeen of the Indictment;

WHEREAS, in light of the Defendant's admissions and his guilty plea during the January 23, 2025 plea hearing, the United States has established the requisite nexus between the 15 Rezza

---

[2] The Personal Property has previously been administratively forfeited by the Federal Bureau of Investigation, as set forth in the Notice to the Court Regarding Forfeiture, filed on October 10, 2024. *See* Docket No. 82.

Road Property and the 30 High Street Property (collectively, the "Beverly Real Properties") and the offenses to which the Defendant pled guilty, and accordingly, the Beverly Real Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is entitled to a Preliminary Order of Forfeiture against the Beverly Real Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Beverly Real Properties and the offenses to which the Defendant pled guilty.

2. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3. Accordingly, all of the Defendant's interests in the Beverly Real Properties are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. 981(a)(1)(C) and 28 U.S.C. § 2461(c).

4. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Beverly Real Properties.

5. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to

have alleged an interest in the Beverly Real Properties to be forfeited.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 28 U.S.C. § 2461(c), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Beverly Real Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Beverly Real Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Beverly Real Properties, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Beverly Real Properties.

8. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

/s/ Indira Talwani<br>
**INDIRA TALWANI**<br>
United States District Judge

Dated: 4/17/2025