UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JOHN P. PIGSLEY, a/k/a "John P. Pigsley, )<br>Sr." and "Big John," )<br>)<br>Defendant. ) | Criminal No. 1:23-CR-10093-IT |

## **ORDER OF FORFEITURE (MONEY JUDGMENT)**

**TALWANI, D.J.**

WHEREAS, on April 4, 2023, a federal grand jury sitting in the District of Massachusetts returned a seventeen-count Indictment charging defendant (the "Defendant") with five counts of Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts One through Five), one count of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 (Count Six), six counts of Attempt to Evade and Defeat Tax, in violation of 26 U.S.C. § 7201 (Counts Seven-Twelve), one count of Filing a False Tax Return, in violation of 26 U.S.C. § 7206(1) (Count Thirteen), and four counts of Structuring Transactions to Evade Reporting Requirements, in violation of 31 U.S.C. § 5324 (Counts Fourteen-Seventeen);

WHEREAS, the Indictment also included a Fraud Forfeiture Allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of any offense alleged in Counts One through Six of the Indictment, of any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses;

WHEREAS, the property to be forfeited specifically included, without limitation, the following:

(a) the real property located at 145 School Street, Ryegate, Vermont (the "Vermont Property");

(b) the real property located at 15 Rezza Road, Beverly, Massachusetts (the "15 Rezza Road Property");

(c) the real property located at 30 High Street, Beverly, Massachusetts (the "30 High Street Property");

(d) a 2019 Heartland Fuel 352 Camper, bearing vehicle identification number 5SFCG3927KE404401;

(e) a 2021 Bobcat HYDRA-TILT, bearing serial number 857803019;

(f) a 2020 Bobcat T76 T4 CTL, bearing serial number B4CE12021;

(g) a Bobcat Pallet Fork HD, bearing part number 7294305;

(h) a 2020 Bobcat T76 T4 CTL, bearing serial number B4CE12061;

(i) a 2019 Bobcat E55 T4, bearing serial number AJ1915517;

(j) a 2020 Bobcat SG60 Stump Grinder, bearing serial number 233005356;

(k) a 2020 Vintage Outlaw 53' Trailer, bearing vehicle identification number 5BWUV5335L1000237;

(l) a 2015 Ford F550 Super Duty with plow attachment, bearing vehicle identification number 1FD0X5HT1FEC20181;

(m) a 2015 Dodge Ram 3500 Longhorn, bearing vehicle identification number 3C63RRKLXFG602852;

(n) a 2007 Genie S60 Man Lift, bearing serial number S60HC0714634;

(o) a 2021 Bobcat E60 R2 T4 CE, bearing serial number B4GR12147;

(p) miscellaneous heavy equipment for a 2019 Bobcat E55 T4; and

(q) a 2019 Ford F350 Crew Cab, bearing vehicle identification number 1FT8W3DT0KEG29626

(items (d) through (q) collectively, the "Personal Property");

WHEREAS, in addition, the Indictment included a Structuring Forfeiture Allegation, pursuant to 31 U.S.C. § 5317(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of any offense alleged in Counts Thirteen through Seventeen of the Indictment, of any property, real or personal, involved in such offenses, and any property traceable to such property;

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets described in Paragraphs 2 and 3 above, pursuant to 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c);

WHEREAS, on January 23, 2025, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Seventeen of the Indictment;

WHEREAS, based on the Defendant's admissions and his guilty plea on January 23, 2025, the United States is entitled to an Order of Forfeiture (Money Judgment) consisting of a personal money judgment against the Defendant, in the amount of $7,687,083.70, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

WHEREAS, the amount of $7,687,083.70 constitutes proceeds that the Defendant obtained

3

as a result of his violations of 18 U.S.C. § 1343 and 18 U.S.C. § 1349.

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $7,687,083.70, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).[1]

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to include substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c) any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

---

[1] The United States will credit the net sale proceeds from the forfeiture of the Beverly Real Properties, the Vermont Property, and the Personal Property towards the forfeiture money judgment after the entry of final orders of forfeiture and disposal of such properties. "Net Sale Proceeds" means the proceeds from the sale of the Beverly Real Properties, the Vermont Property, and the Personal Property, if any, less the amounts necessary to satisfy any mortgage(s), outstanding taxes, reasonable sale/closing costs and fees, storage and maintenance costs, and other reasonable costs associated with the sale of the Beverly Real Properties, the Vermont Property, and the Personal Property, such as costs of settling pending litigation with respect to such properties.

5.  Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

/s/ Indira Talwani
**INDIRA TALWANI**
United States District Judge

Dated: 4/17/2025